UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOSE GONZALEZ,                                    Civil Action No.:

                    Plaintiff,
      -against-                                    **COMPLAINT**


MERCANTILE ADJUSTMENT BUREAU,          **DEMAND FOR JURY TRIAL**

                   Defendant .

----------------------------------------------------------------X

      Plaintiff JOSE GONZALEZ, ("Plaintiff"), by and through his attorneys, The Law Office of Alan J. Sasson, P.C., as and for his Complaint against the Defendant(s), MERCANTILE ADJUSTMENT BUREAU (hereinafter referred to as "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

      1.    Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

      2.    Plaintiff JOSE GONZALEZ is a resident of the State of New York, residing at 90-14 Pitkin Avenue, Ozone Park, New York 11417.

      3.    Defendant MERCANTILE ADJUSTMENT BUREAU is a New York corporation with their main office at 165 Bell Drive, Suite 100, Williamsville, New York 14221.

      4.    Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA

under 15 USC §1692a(3).

5. The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

10. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff sometime in October, 2013 by leaving messages at his home telephone number 718 551 7268.

11. On October 10, 2013, Plaintiff placed a telephone call to Defendant to request that the telephone calls cease and was connected to a representative of Defendant who identified himself as "Nathanial Mackless."

12. Mr. Mackless informed Plaintiff that the debt was owed to a service provider. Plaintiff did not believe the account was his. Mr. Mackless asked Plaintiff if he had ever

lived at an address which Plaintiff said he had and Mr. Mackless said, "Yeah, this is your account, [Plaintiff], it's from [creditor], your information matches." Plaintiff re-affirmed that he did not believe the account was his and requested that Defendant not call him anymore. Mr. Mackless responded, "I mean, it's your account, I mean you're in debt, Mr. [Plaintiff]." Plaintiff repeated his belief that the account was not his and his request for the calls to cease which was disregarded by Mr. Mackless who continued, "You're being credit reported, you're in collections, you don't want to take care of this matter?" Plaintiff stated for a fourth time that he did not believe the account was his, to which Mr. Mackless insisted, "It *IS* your account, it's your name, your address, your phone number, your information." Plaintiff explained that he has a common name which often causes confusion, to which Mr. Mackless replied, "You're telling me a lot of [Plaintiff's name]s live at _____?" Plaintiff asked Mr. Mackless to please stop calling him. Mr. Mackless replied, "So you're telling me you want to remain in collections, not receive any more phone calls and have this negatively affect you?" Plaintiff asked again to please stop calling. Mr. Mackless replied, "Sure, I'll accommodate that request, thanks a lot, Mr. [Plaintiff], okay, buddy?"

13. On or about November 1, 2013, Plaintiff discovered that Defendant had placed his account with national collection bureaus. On November 1, 2013, Plaintiff placed a telephone call to Defendant and was connected to a representative of Defendant who identified himself as "Larry Bowsky" who was unable to find Plaintiff's information. After multiple questions and placing Plaintiff on hold, over six minutes later, Mr. Bowsky was able to locate Plaintiff's information by asking for his telephone number and confirmed to Plaintiff that Defendant had no record of his call or conversation with "Nathanial Mackless" wherein he disputed that the account was his.

14. Plaintiff placed a third telephone call to Defendant on November 4, 2013 and was connected to a representative who identified herself as "Renee." Renee, like Mr. Bowsky, was also unable to locate Plaintiff's information through his name, Social Security number or account number on his credit report and placed Plaintiff on hold for many minutes while she conferred with her supervisor and others. Over ten minutes waiting, Renee confirmed to Plaintiff that Defendant had no record that he had disputed the account as not being his but informed Plaintiff, "No, it just shows that it's active."

**FIRST CAUSE OF ACTION**
*(Violations of the FDCPA)*

15. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "14" herein with the same force and effect as if the same were set forth at length herein.

16. 15 USC §1692 d – preface prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

17. In violation of 15 USC §1692 d – preface, Defendant trained and/or sanctioned abusive and rude behavior displayed by Defendant's representative "Nathanial Mackless," with whom Plaintiff spoke on October 10, 2013, who refused to hear Plaintiff's assertion that he did not believe the account in question was his so that Plaintiff was obliged to repeat his dispute and his request that telephone calls from Defendant cease over five times in the course of the conversation. From the moment Plaintiff expressed doubt that the account was his, Mr. Mackless proceeded to pressure Plaintiff into admitting it was his, adopting a rude and insultingly manner, stating, "I mean, it's your account, I mean you're in

debt, Mr. [Plaintiff]" and "You're being credit reported, you're in collections, you don't want to take care of this matter?" (implication: is something wrong with you?) and "It *IS* your account, it's your name, your address, your phone number, your information" and when Plaintiff suggested that his name was frequently confused, Mr. Mackless sarcastically retorted, "You're telling me a lot of [Plaintiff's name]s live at _____?" (implication: you're lying). Mr. Mackless responded to Plaintiff's many requests for calls to cease with the implied threat to his credit, "So you're telling me you want to remain in collections, not receive any more phone calls and have this negatively affect you?" (implication: is something wrong with you?) Finally, when his abusive, insulting and aggressive tactics were ineffective in dissuading Plaintiff from his dispute, Mr. Mackless concluded, in a sarcastic tone, "Sure, I'll accommodate that request, thanks a lot, [Plaintiff], okay, buddy?" The telephone exchange between Mr. Mackless and Plaintiff of October 10, 2013 exemplifies Defendant's collection policy, one which endeavors to reject disputes by verbally abusing and denigrating consumers and discounting their rights.

18. 15 USC §1692 e – preface and e (10) prohibits the use of any false, deceptive or misleading representations in connection with the collection of a debt.

19. Defendant violated 15 USC §1692 e – preface when Defendant's representative, "Nathanial Mackless," deceptively attempted to convince Plaintiff that he had to "take care of" an account he was disputing that he owed because he was being credit-reported and the debt would "negatively affect you." Mr. Mackless adamantly insisted, without verification, that the account was Plaintiff's and could not possibly be in error and falsely repeated Plaintiff's requests back to him inaccurately, asking, "You're telling me a lot of [Plaintiff's name]s live at _____?" "So you're telling me you want to remain in

collections, not receive any more phone calls and have this negatively affect you?" in a deliberate effort to distort what Plaintiff was saying.

20. 15 USC §1692 e(7) prohibits the false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

21. The Defendant violated 15 USC §1692 e(7) by training and/or allowing its representative, "Nathanial Mackless," to make the assumption that Plaintiff owes a debt which he is questioning and aggressively berating him with the shaming accusation, "…I mean, you're in debt, Mr. [Plaintiff]" and "You're being credit reported, you're in collections, you don't want to take care of this matter?" In continued efforts to disgrace Plaintiff, Mr. Mackless pretended to repeat Plaintiff's verbal dispute but made it sound as though Plaintiff was being irrationally self-destructive by asking, "So you're telling me you want to remain in collections, not receive any more phone calls and have this negatively affect you?" Defendant's continued efforts to disgrace Plaintiff by painting him as foolish and dishonest clearly exemplify a strategy specifically designed to cause shame and embarrassment to consumers for the purpose of advancing Defendant's debt collection activities.

22. 15 USC §1692 e (8) states that a debt collector may not communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

23. Defendant is in violation of 15 USC §1692 e (8) by receiving notification that Plaintiff was disputing the subject debt and not reporting to the appropriate credit bureau(s) that Plaintiff's alleged debt was in dispute.

24. 15 USC §1692 f –preface prohibits a debt collector from using any unfair or

unconscionable actions in connection with the collection of a debt.

25. The Defendant violated 15 USC §1692 f – preface by unfairly and unconscionably allowing employees such as "Nathanial Mackless" to inform Plaintiff that an account he was disputing was absolutely, without question his and continually, unfairly and aggressively questioning the rationality and validity of Plaintiff's requests, implying that Plaintiff had no right to dispute and that his dispute meant that he was willingly allowing the debt to be credit reported and to "negatively affect" him.  Defendant then unfairly failed to communicate Plaintiff's dispute to credit reporting agencies.

26. The Defendant further violated the foregoing provisions by not taking the Plaintiff's oral dispute, as evidenced by the two subsequent conversations where the Defendant affirmed that the account did not reflect that a dispute was recorded.

## SECOND CAUSE OF ACTION
*(Violations of the FDCPA and the Dodd-Frank Act)*

27. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

28. According to the Consumer Financial Protection Bureau Bulletin 2013-07, "Under the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd- Frank Act), all covered persons or service providers are legally required to refrain from committing unfair, deceptive, or abusive acts or practices (collectively, UDAAPs) in violation of the Act." The CFPB Bulletin 2013-07, Section C defines unfair and abusive practices to include the misrepresentation about whether information about a payment or non- payment would be

furnished to a credit reporting agency and misrepresenting to consumers that their debts would be waived or forgiven if they accepted a settlement offer, when the company does not, in fact, forgive or waive the debt.

29. Defendant violates the Dodd-Frank Act by communicating through Defendant's representative, "Nathanial Mackless," that Plaintiff was being "credit-reported" and that he needed to pay his debt or it would "negatively affect you," an implied threat that Plaintiff's payment to Defendant would affect his credit score.

## DEMAND FOR TRIAL BY JURY

30. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A. For actual damages provided and pursuant to 15 USC §1692k (a) (1);

B. For statutory damages provided and pursuant to 15 USC §1692(2)(A);

C. For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to15USC§1692(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:   New York, New York
         March 11, 2014

    Respectfully submitted,


By: /s/ Yitzchak Zelman_____
  Yitzchak Zelman, Esq. (YZ5857)
  LAW OFFICE OF ALAN J. SASSON, P.C.
  1669 East 12th Street, 2nd Floor
  Brooklyn, New York 11229
  Phone:    (718) 339-0856
  Facsimile: (347) 244-7178

  *Attorney for the Plaintiff* JOSE GONZALEZ

To:     Mercantile Adjustment Bureau
           165 Lawrence Bell Drive, Suite 100
           Williamsville, New York 14221

           *(Via Prescribed Service)*

           Clerk,
           United States District Court, Eastern District of New York
           *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    CASE NO.:

JOSE GONZALEZ,

                              Plaintiff,

    -against-

MERCANTILE ADJUSTMENT BUREAU,

                              Defendant(s).

_____

COMPLAINT

_____

*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*708 Third Avenue, 6th Floor*
*New York, New York 10017*
*Phone:    (212) 796-0930*
*Facsimile: (212) 330-7582*